ROBERT TAYLOR
FULL NAME

COMMITTED NAME (if different)

C.S.P. - L.A. COUNTY, P.O. BOX 8457
FULL ADDRESS INCLUDING NAME OF INSTITUTION

LANCASTER, CA. 93539

657665
PRISON NUMBER (if applicable)

3/10/22
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CS _____ DEPUTY

Received _____ 3-10-22 _____
(Date)
Scanned at LAC and E-mailed
on 3/10/22 by dm
(Date)          (Initials)
Number of pages scanned:
55

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ROBERT TAYLOR

PLAINTIFF.

v.

1) J. DAVALOS, et al.
2) DR. K. SEVAQ

DEFENDANT(S).

CASE NUMBER CV22-1634-SVW(KS)

*To be supplied by the Clerk*

### CIVIL RIGHTS COMPLAINT
### PURSUANT TO *(Check one)*
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2. If your answer to "1." is yes, how many?  _____ 1 _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
Plaintiff ROBERT TAYLOR

Defendants DANIEL PARAMO, et al

b. Court UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF CALIFORNIA

c. Docket or case number 18CV942-MMA(BLM)

d. Name of judge to whom case was assigned Barbara Lynn

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) NO Settlement, disposition!

f. Issues raised: Conference, shall be held.

g. Approximate date of filing lawsuit: 2/22/18

h. Approximate date of disposition 5/17/2019

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes    ☐ No

   If your answer is no, explain why not

3. Is the grievance procedure completed? ☑ Yes    ☐ No

   If your answer is no, explain why not

4. Please attach copies of papers related to the grievance procedure. ✱ SEE EXHIBIT F FOR CLAIM I AND EXHIBIT E FOR CLAIM II.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff ROBERT TAYLOR
                                                        (print plaintiff's name)

who presently resides at P.O. BOX 8457 LANCASTER, CA. 93539
                         (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

CALIFORNIA STATE PRISON - LOS ANGELES COUNTY
(institution/city where violation occurred)

on (date or dates) <u>6·13·21 ~ 6·23·21</u> , <u>6·18·21 ~ 7·29·21</u> , <u></u>
(Claim I)                    (Claim II)                    (Claim III)

NOTE:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.    Defendant  <u>J. DAVALOS</u>
(full name of first defendant)                                          resides or works at
<u>44750 60TH STREET WEST, LANCASTER, CA. 93539</u>
(full address of first defendant)
<u>CORRECTIONAL OFFICER</u>
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
<u>J. DAVALOS ACTED UNDER COLOR OF LAW BY BEING DELIBERATELY INDIFFERENT TO ROBERT TAYLOR'S SERIOUS MEDICAL NEEDS</u>

2.    Defendant      <u>ARREGUIN</u>
(full name of first defendant)                                          resides or works at
<u>44750 60TH STREET WEST, LANCASTER, CA. 93539</u>
(full address of first defendant)
<u>CORRECTIONAL OFFICER</u>
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
<u>ARREGUIN ACTED UNDER COLOR OF LAW BY BEING DELIBERATELY INDIFFERENT TO ROBERT TAYLOR'S SERIOUS MEDICAL NEEDS</u>

3.    Defendant  <u>J. ONGARO</u>
(full name of first defendant)                                          resides or works at
<u>44750 60TH STREET WEST, LANCASTER, CA. 93539</u>
(full address of first defendant)
<u>CORRECTIONAL OFFICER</u>
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
<u>J. ONGARO ACTED UNDER COLOR OF LAW BY BEING DELIBERATELY INDIFFERENT TO ROBERT TAYLOR'S SERIOUS MEDICAL NEEDS</u>

CV-66 (7/97)                          CIVIL RIGHTS COMPLAINT

4.  Defendant  K. SEVAQ
    (full name of first defendant) _____ resides or works at

    44750 60TH STREET WEST, LANCASTER, CA. 93539
    (full address of first defendant)

    MEDICAL DOCTOR
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

DR. K. SEVAQ ACTED UNDER COLOR OF LAW BY BEING DELIBERATELY INDIFFERENT TO
ROBERT TAYLOR'S SERIOUS MEDICAL NEEDS

5.  Defendant  _____ resides or works at

    (full name of first defendant)

    (full address of first defendant)

    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

D. CLAIMS*

The following civil right has been violated:                          CLAIM I

DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE
8TH AMENDMENT OF THE UNITED STATES CONSTITUTION

Supporting Facts:  Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. AT ALL TIMES RELEVANT TO THIS CASE, PLAINTIFF ROBERT TAYLOR WAS HOUSED AT
CALIFORNIA STATE PRISON - LOS ANGELES COUNTY.

2. ON JUNE 8, 2021, AT APPROXIMATELY 12:00 PM, TAYLOR WAS ASSIGNED TO FACILITY C,
BUILDING 4, CELL 118/LOWER BUNK. TAYLOR HAS A SERIOUS MEDICAL CONDITION WHICH IS
MULTILEVEL MODERATE DEGENERATIVE CHANGES OF THE SPINE. (HEALTH CARE SERVICES FORM,
ATTACHED HERETO AS EXHIBIT A.) DUE TO THIS SERIOUS MEDICAL CONDITION, DOCTORS HAVE
ORDERED THAT TAYLOR BE ASSIGNED LOWER BUNKS, A PERMANENT BACK BRACE, AND A
WALKING CANE. (ADA PATIENT SUMMARY FORM, ATTACHED HERETO AS EXHIBIT B.)

3. UPON ENTERING CELL 118, TAYLOR HAD TO UTILIZE THE UPPER BUNK, DUE TO INMATE P.
JUAREZ #AP8713 WHO DOES NOT HAVE A LOWER BUNK CHRONO. SLEEPING ON THE LOWER BUNK.
(DECLARATION OF INMATE A. WARREN #ES6779, ATTACHED HERETO AS EXHIBIT C.)

4. ON JUNE 9, 2021, TAYLOR SPOKE WITH DEFENDANTS' DAVALOS AND ARREGUIN REGARDING HIS
OCCUPANCY OF THE UPPER BUNK IN CELL 118 AND PRESENTED THEM WITH HIS LOWER BUNK
CHRONO. DAVALOS AND ARREGUIN HAD TAYLOR GO AND LOOK FOR ANOTHER CELL, BUT NO OPEN

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

\* PAGE 5: CONTINUED
   CLAIM I.

1  LOWER BUNK CELLS WERE AVAILABLE. AFTER INFORMING DAVALOS AND ARREGUIN OF THE

2  ISSUE, THEY FAILED TO ACT AND/OR REASONABLY RESPOND BY NOT ORDERING INMATE P.

3  JUAREZ TO VACATE TAYLOR'S MEDICALLY ASSIGNED LOWER BUNK.

4  5. ON JUNE 10, 2021, TAYLOR SPOKE WITH DEFENDANT ONGARO REGARDING HIS OCCUPANCY

5  OF THE UPPER BUNK IN CELL 118 AND PRESENTED ONGARO WITH THE LOWER BUNK CHRONO. FOR

6  REASONS UNKNOWN, ONGARO DID NOT ACKNOWLEDGE TAYLOR OR THE LOWER BUNK CHRONO.

7  6. ON JUNE 11, 2021, TAYLOR SPOKE WITH ONGARO AGAIN ABOUT OCCUPYING THE UPPER

8  BUNK IN CELL 118 AND HANDED HIM THE LOWER BUNK CHRONO. TAYLOR INFORMED ONGARO

9  THAT INMATE P. JUAREZ WAS IMPEDING ACCESS TO HIS MEDICALLY ASSIGNED LOWER BUNK.

10 AFTER A BRIEF REVIEW OF THE LOWER BUNK CHRONO, ONGARO HANDED IT BACK AND SAID,

11 "JUAREZ WAS ON THE LOWER BUNK BEFORE YOU MOVED INTO CELL 118." AFTER INFORMING

12 ONGARO OF THE ISSUE, HE FAILED TO ACT AND/OR REASONABLY RESPOND BY NOT ORDERING

13 INMATE P. JUAREZ TO VACATE TAYLOR'S MEDICALLY ASSIGNED LOWER BUNK.

14 7. DAVALOS, ARREGUIN, AND ONGARO KNEW OF AND DISREGARDED AN EXCESSIVE RISK

15 TO TAYLOR'S HEALTH AND SAFETY. IT WAS OBVIOUS THAT SINCE TAYLOR HAD A BACK

16 BRACE AND WALKING CANE, HIS OCCUPYING AN UPPER BUNK PUT HIM AT RISK OF HARM

17 BECAUSE THE LOWER BUNK CHRONO WAS MEDICALLY NECESSARY AND MANDATED.

18 8. ON JUNE 13, 2021, AT APPROXIMATELY 1:50PM, TAYLOR FELL FROM THE UPPER BUNK IN

19 CELL 118. (DECLARATION OF INMATE P. JUAREZ #AP8713, ATTACHED HERETO AS EXHIBIT D.) TAYLOR

20 IMMEDIATELY FELT PAIN TO HIS BACK, LEG, AND NECK FROM THE FALL. INMATE P. JUAREZ

21 YELLED, "MAN DOWN IN CELL 118!" AN EMERGENCY ALARM WAS ACTIVATED AND

22 MINUTES LATER, NUMEROUS CORRECTIONAL OFFICERS AND MEDICAL PERSONNEL

23 APPEARED AT CELL 118. TAYLOR WAS TRANSPORTED TO THE TREATMENT AND TRIAGE

24 AREA CLINIC VIA GURNEY AND EXAMINED FOR INJURIES FROM THE FALL BY NURSE.

25 THE NURSE DOCUMENTED TAYLOR'S INJURIES FROM THE FALL. (CDCR FORM 7219, ATTATCHED

26 HERETO AS EXHIBIT E.) THE NURSE CONSULTED WITH DEFENDANT DR. K. SEVAG, WHO

27 ORDERED A SHORT TERM FEW DAY DOSAGE OF NAPROXEN AND LIDOCAINE PATCHES

28 FOR PAIN. PLAINTIFFS INJURIES WERE THE RESULT OF DAVALOS, ARREGUIN, AND ONGARO'S

PG. 1

*PAGE 5: CONTINUED
CLAIM I.

1  FAILURE TO COMPLY WITH TAYLORS MEDICAL CHRONO REGARDING HOUSING. TAYLOR

2  SHOWED HIS MEDICAL CHRONO TO DAVALOS, ARREGUIN, AND ONGARO BUT THEY IGNORED

3  IT BY FAILING TO ORDER THAT HE BE GIVEN ACCESS TO HIS MEDICALLY ASSIGNED

4  LOWER BUNK IN CELL 118, WHICH IS DELIBERATELY INDIFFERENT TO HIS SERIOUS

5  MEDICAL NEEDS.

6  9. TAYLOR WAS HARMED AS A RESULT OF DAVALOS, ARREGUIN, AND ONGAROS FAILURE

7  TO COMPLY WITH HIS MEDICAL CHRONO. TAYLOR SUFFERED A TORN ROTATOR CUFF FROM

8  FALLING OFF OF THE UPPER BUNK IN CELL 118. (HEALTH CARE SERVICES - MRI RESULTS,

9  ATTACHED HERETO AS EXHIBIT F.) INCLUDING SEVERE, EXCRUCIATING, AND CHRONIC PAIN

10 FROM THE INJURY. (SEE EXHIBIT F.)

11 10. AFTER SEVERAL DAYS AND VERBAL COMPLAINTS TO SUPERVISING CORRECTIONAL

12 OFFICERS, ON JUNE 23, 2021, AT APPROXIMATELY 12:00 PM, INMATE P. JUAREZ WAS ORDERED

13 TO MOVE FROM CELL 118 LOWER BUNK TO CELL 233. TAYLOR FILED A CDCR FORM 602

14 GRIEVANCE REGARDING FAILURE TO ACCOMMODATE HIS LOWER BUNK STATUS. (SEE CDCR

15 FORM 602, LOG # 131462)

16 11. MOREOVER, THE CDCR FORM 602 GRIEVANCE FILED BY TAYLOR WAS GRANTED. (APPEALS

17 CLAIMS DECISION RESPONSE, ATTACHED HERETO AS EXHIBIT G.) THE OFFICE OF APPEALS

18 FOUND SUFFICIENT INFORMATION TO SUBSTANTIATE TAYLORS CLAIM. (SEE EXHIBIT G.)

19

20              VERIFICATION

21 I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS

22 ALLEGED HEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND

23 BELIEF, AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF

24 PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

25 DATE: 3/6/2022

                            X _____ Taylor
26                               G51665

27

D. CLAIMS*

CLAIM II

The following civil right has been violated:

DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE
8TH AMENDMENT OF THE UNITED STATES CONSTITUTION

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. AT ALL TIMES RELEVANT TO THIS CASE, PLAINTIFF ROBERT TAYLOR WAS HOUSED AT CALIFORNIA STATE PRISON - LOS ANGELES COUNTY.

2. TAYLOR IS ENROLLED IN THE CHRONIC CARE PROGRAM WHERE HIS MEDICAL CONDITIONS, PAIN, AND MEDICATIONS SHOULD BE CLOSELY MONITORED BY DR. K. SEVAG. THE EXISTENCE OF CHRONIC AND SUBSTANTIAL PAIN IS A SERIOUS MEDICAL NEED. TAYLOR SUFFERS FROM THE SUBSTANTIAL AND CHRONIC PAIN OF A BACK/SPINAL AND ROTATOR CUFF INJURY.

3. DR. SEVAG PRESCRIBED A SHORT COURSE OF NAPROXEN ON JUNE 13, 2021, TO ASSIST IN PAIN RELIEF FROM TAYLOR FALLING FROM AN UPPER BUNK IN HIS CELL. TAYLOR SUFFERED EXCRUCIATING/SEVERE PAIN TO HIS NECK, HEAD, LOWER BACK, AND LEFT SHOULDER FROM THE FALL AND HE CONTINUED TO REITERATE HIS NEED FOR CONSISTENT PAIN RELIEF THEREAFTER.

4. ON JUNE 18. 2021, THE PRESCRIBED SHORT COURSE OF NAPROXEN HAD DEPLETED. TAYLOR WAS STILL IN PAIN. TAYLOR FILLED OUT AND TURNED IN A REQUEST FOR A MEDICATION REFILL. (CDCR FORM 7362, ATTACHED HERETO AS EXHIBIT A.) TAYLOR RECEIVED NO RESPONSE OR PAIN MEDICATION REFILL. TAYLOR SUFFERED SEVERE PAIN, TINGLING NUMBNESS, AND WEAKNESS TO HIS BODY. HE CONTINUED TO COMPLAIN.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

\* PAGE 5: CONTINUED
CLAIM I

1  ON JUNE 27, 2021, TAYLOR FILED A CDCR FORM 602 HC INFORMING DR. SEVAR OF HIS SEVERE PAIN

2  AND SUFFERING. (CDCR FORM 602 HC, LOG #21000910, ATTACHED HERETO AS EXHIBIT B.) IN THE 602

3  TAYLOR REQUESTED A NAPROXEN REFILL AND THE MAXIMUM DOSAGE OF GABAPENTIN FOR PAIN/

4  NERVE DAMAGE RELIEF. TAYLOR RECEIVED NO RESPONSE, NO PAIN MEDICATION REFILL, OR RE-

5  EVALUATION OF THE EFFECTIVENESS OF THE PAIN MEDICATION).

6  5. ON JUNE 29, 2021, TAYLOR STILL SUFFERING FROM DEBILITATING PAIN, FILLED OUT AND

7  TURNED IN ANOTHER REQUEST FOR PAIN MEDICATION REFILL. (CDCR FORM 7362, ATTACHED HERETO

8  AS EXHIBIT C.) NO RESPONSE WAS RECEIVED. ON JULY 1, 2021, TAYLOR FILLED OUT AND TURNED IN

9  ANOTHER REQUESTING TREATMENT. (CDCR FORM 7362, ATTACHED HERETO AS EXHIBIT D.) NOT UNTIL

10  JULY 29, 2021, WAS ANOTHER SHORT COURSE OF NAPROXEN REORDERED, HOWEVER, THE GABA-

11  PENTIN DOSAGE WAS NOT INCREASED. THE INSTITUTIONAL LEVEL RESPONSE, NOR DID THE HEAD-

12  QUARTERS' LEVEL RESPONSE INTERVENE WITH THE ISSUE OF CONTINUOUS AND EFFECTIVE PAIN

13  MANAGEMENT FOR TAYLOR WHO IS A CHRONIC CARE PATIENT. (HEALTH CARE SERVICES INSTITUTION-

14  AL AND HEADQUARTERS' LEVEL RESPONSES, ATTACHED HERETO AS EXHIBIT E.) THOSE RESPONSES

15  EXHAUSTED TAYLOR'S ADMINISTRATIVE REMEDIES.

16  6. WHILE TAYLOR HAD ACCESS TO MEDICAL CARE IN THE CDCR SYSTEM, AND WAS FREQUENTLY

17  EXAMINED BY HEALTH CARE PROVIDERS, DR. SEVAR FREQUENTLY FAILED TO TREAT HIS COMPLAINTS

18  OF PAIN AND EXACERBATED HIS PAIN BY ALLOWING HIS PRESCRIPTION FOR PAIN RELIEVING

19  MEDICATION TO LAPSE, AND BY FAILING TO PRESCRIBE A PAIN RELIEVER THAT WAS EFFECTIVE

20  IN THE FIRST PLACE. DR. SEVAR'S DELAY/FAILURE TO PROVIDE CONTINUOUS AND EFFECTIVE

21  PAIN RELIEVING MEDICATION TO TAYLOR WHO SUFFERS FROM CHRONIC PAIN IS DELIBERATELY

22  INDIFFERENT TO HIS SERIOUS MEDICAL NEEDS, CAUSING HARMFUL PAIN AND SUFFERING.

23                        VERIFICATION

24  I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED

25  HEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO

26  THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING

27  IS TRUE AND CORRECT.

28  DATE: 3/6/2022                              X _____

Court Paper

Printed on

PG. 1

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

1. ISSUE A DECLARATION, DECLARING THAT THE ACTS AND/OR OMISSIONS DESCRIBED HEREIN VIOLATE PLAINTIFF ROBERT TAYLORS RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES; AND

2. ISSUE A COURT ORDER DIRECTING DEFENDANT(S) TO COMPLETE FIFTY (50) HOURS OF ADDITIONAL TRAINING IN REGARDS TO INCARCERATED PATIENTS WITH SERIOUS MEDICAL NEEDS TO BE COMPLETED WITHIN SIX (6) MONTHS OF FINAL JUDGEMENT IN THIS CASE; AND

3. RECOVERY OF ALL COURT COSTS IN THIS CASE; AND

4. THE DISCHARGE OF ALL FINES, RESTITUTION, AND OTHER CHARGES CURRENTLY OWED AGAINST THE PLAINTIFFS INMATE TRUST ACCOUNT; AND

5. $275,000 IN PUNITIVE DAMAGES, JOINTLY, AGAINST DEFENDANT(S); AND

6. $25,000 IN COMPENSATORY DAMAGES, JOINTLY, AGAINST DEFENDANT(S); AND

7. $1.00 IN NOMINAL DAMAGES, SEVERALLY, AGAINST EACH DEFENDANT; AND

8. ANY AND ALL RELIEF THAT THIS COURT DEEMS EQUITABLE, JUST, AND APPROPRIATE

2/22/2022
_(Date)_

_(Signature of Plaintiff)_

CLAIM I

# EXHIBIT COVER PAGE



A

EXHIBIT

Description of this Exhibit:
HEALTH CARE SERVICES FORM

Number of pages to this Exhibit: _____1_____ pages.

JURISDICTION:    (Check only one)

☐  Municipal Court

☐  Superior Court

☐  Appellate Court

☐  State Supreme Court

☑  United States District Court

☐  State Circuit Court

☐  United States Supreme Court

☐  Grand Jury

HEALTH CARE SERVICES                California State Prison Los Angeles County

Name:                ROBERT TAYLOR            Patient ID:    11110545
DOB:                 1/6/1957                 Secondary ID: G51665
Exam Name:           XR CERVICAL SPINE 5 VWS |
                     72050                    Exam Date:     6/14/2021 12:10 PM
Age:                 64Y 6M
Primary Care Provider: G. Hernandez, DO - LAC|
Ordering Provider:   S. Kalinjian, MD

## XR CERVICAL SPINE 5 VWS

CLINICAL INDICATION: "pain"
COMPARISON: 2/19/2020
TECHNIQUE: Routine technique

FINDINGS:

Multilevel neural foraminal narrowing bilaterally, with limited visualization of
the right neural foramina. Multilevel moderate degenerative changes of the spine
with multilevel disc height loss, facet arthropathy, and uncovertebral
hypertrophy. No prevertebral soft tissue swelling. No acute fracture or
traumatic malalignment.

No substantial spondylolisthesis.

Degenerative changes are generally similar to the comparison.

IMPRESSION:

1. Degenerative changes without acute abnormality.

Electronically Signed by: ABartret, MD

Date Signed: 6/14/2021 2:32 PM

Report Electronically Signed by: ADAM BARTRET, MD
Report Electronically Signed on: 6/14/2021 02:32 PM

CLAIM I

# EXHIBIT COVER PAGE

B

EXHIBIT

Description of this Exhibit:
ADA PATIENT SUMMARY
FORM

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION:    (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [✓] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

# ADA/Effective Communication Patient Summary

**As of:** 07/23/2021 09:08

**Patient Information**

**NAME:** TAYLOR, ROBERT
**CDCR:** G51665

**Disability Placement Program**

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:** 03/16/21
8:23:50 PDT

**Current Housing Restrictions/Accomodations:**
 * Lifting Restriction
 * Special Cuffing
 * Bottom Bunk

**Methods of Communication**

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

**Developmental Disability Program**

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

**Testing of Adult Basic Education (TABE)**

**TABE Score:** 00.0

**TABE Date:** 02/28/2011 00:00

**Learning Disabilities**

**Learning Disabilities:**

**English Proficiency**

**LEP:** No

**Primary Language:** English

**Durable Medical Equipment**

**Current ISSUED DME:**
 * Back Braces Permanent
 * Cane Permanent
 * Eyeglass Frames Permanent

**MHSDS**

**MHLOC:** CCCMS

RECEIVED
HCCAB
OCT 2 2 2021

CLAIM I

# EXHIBIT COVER PAGE

C

EXHIBIT

Description of this Exhibit:
DECLARATION OF INMATE
A. WARREN #ES6779

Number of pages to this Exhibit: ____1____ pages.

JURISDICTION:    (Check only one)

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme Court

☑ United States District Court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

## Declaration of:

I, Andre WARREN) declare as Follows: (1) I personally Know each Fact Set Forth in this declaration, and i am competent and willing to testify thereto if called upon to do so...
(2) I AM incarcerated At Lancaster State prison house in FAC-C-4 Cell #112 (3) chronolgyical order, before TAYLOR Move in C-4 Cell #118 inmate Jugrez WAS house in cell 118 And WAS sleeping on the bottom bunk, Prior OF TAYLOR move in in cell 118; TAYLOR Move in to a top bunk: 6/8/2021:
(4) On 6/23/2021 inmate Jugrez WAS order by TWO Staff OFFices At 11:05 to move to Cell #233: I Andre WARREN) declare under penalty of perjury, under the Laws of the United States and California, that the aforementioned is a true and correct Statement of Facts. Executed this July 15TH 2021 in Lancaster CA

Signi.
CDC #NU-E-56779
Print: Andre WARREN

CLAIM I

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:
DECLARATION OF INMATE
P. JUAREZ # AP8713

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION:    (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Appellate Court |
| ☐ | State Supreme Court |
| ☑ | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |

6·13·2021 Inmate TAYlor Was coming down his bunk and fell to the floor Taylor was on a upper bunk

celly Juarez p
AP8713   cell #118 lower

witness

6·13·2021

I JUGREZ, AP8713, declare as Follows: (1) I personally know each Fact set Forth in this declaration, and I am competent And Willing to testify thereto if Called upon to do so..

I JUGREZ declare under penalty of perjury, under the laws of the United States and Calif. that the aforementioned is true and Correct Statement of Facts. Executed this __ th day of July, 2021 in Lancaster, ca:   Sign Juarez 7 #AP8713

CLAIM I

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:
CDCR FORM 7219

Number of pages to this Exhibit: _____1_____ pages.

JURISDICTION:    (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☑ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 01/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| NAME OF INSTITUTION | LOCATION OF EVALUATION | DATE |
|---|---|---|
| CSP-LAC | C-Yard Housing | 6-13-2021 |

| REASON FOR REPORT | ☐ ALLEGATION | ☐ ON THE JOB INJURY | ☐ USE OF FORCE | ☒ INJURY | ☐ OTM RETURNS |
|---|---|---|---|---|---|
| ☐ UNUSUAL OCCURRENCE | | ☐ PRE AD/SEG ADMISSION | ☐ R&R | ☒ OTHER | Fall |

| NAME LAST | FIRST | CDCR NUMBER | PERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|
| Taylor, Robert | | G51665 | N/A | N/A |

| PLACE OF OCCURRENCE | DATE OF OCCURRENCE | TIME OF OCCURRENCE | TIME SEEN | RN NOTIFIED TIME | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|
| C-4/118 Housing | 6/13/2021 | 1353 | 1355 | 1358 | N/A |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

I fell and hurt my back, legs, and neck. My leg tried to catch my fall but it went numb.

| INJURIES FOUND? | YES / NO | |
|---|---|---|
| Abrasion/Scratch | | 1 |
| Active Bleeding | | 2 |
| Broken Bone | | 3 |
| Bruise/Discolored Area | | 4 |
| Burn | | 5 |
| Dislocation | | 6 |
| Dried Blood | | 7 |
| Fresh Tattoo | | 8 |
| Cut/Laceration/Slash | | 9 |
| Swollen Area | | 10 |
| Pain | | 11 |
| Protrusion | | 12 |
| Puncture | | 13 |
| Reddened Area | | 14 |
| Skin Flap | | 15 |
| Pre-Existing | | 16 |
| Other | | 17 |
| | | 18 |

| Chemical Agent Exposure? | YES / NO |
|---|---|
| Chem. Agent Exposure Area | EX |
| Decontaminated w/ Water? YES / NO / REFUSED | N/A |
| Decontaminated w/ Air? YES / NO / REFUSED | N/A |
| Self-decontamination Instructions given? YES / NO | N/A |
| Staff issued Exposure packet? YES / NO | N/A |

Q 15 min. check times

| Initial | N/A | 1st Check | N/A |
|---|---|---|---|
| 2nd Check | N/A | Final | N/A |

TIME/DISPOSITION
Return to TTA Nurse


Right    Left
Front    Back
#1    #1    #1

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) | PERNR / INST. ID # | RDOs | ASSIGNMENT AREA |
|---|---|---|---|
| K. Cain   LVN | 106582/2164556 | W/Thur | C-Yard |

CLAIM I

# EXHIBIT COVER PAGE

F

EXHIBIT

Description of this Exhibit:
HEALTH CARE SERVICES FORM
MRI

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION:    (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☑ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

# HEALTH CARE SERVICES

LAC - California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-

| Patient: | **TAYLOR, ROBERT HARRIS** | | |
|---|---|---|---|
| DOB/Age/Sex: | 1/6/1957    64 years    Male | CDCR #: | G51665 |
| Encounter Date: | 11/8/2018 | PID #: | 11110545 |
| Attending: | Danhash,Maher P&S | Referring: | |

## *Magnetic Resonance Imaging*

| ACCESSION | EXAM DATE/TIME<br>11/2/2021 10:43 PDT | PROCEDURE<br>MRI SHOULDER LEFT<br>W/O CTRST | ORDERING PROVIDER STATUS<br>Danhash,Maher P&S    Auth (Verified) |
|---|---|---|---|

**Report**

PATIENT NAME: ROBERT TAYLOR
MRN: 11110545
DOB: 01/06/1957
ACCOUNT: 10000002911110545G51665
ORDERING PHYSICIAN: M. Danhash
Service Date: 11/02/2021

MRI SHOULDER LEFT W/O CONTRAST

Clinical History: pain

Technique: Axial, coronal, and sagittal long TR, and coronal short TR images of
the left shoulder.

Comparison: May 1, 2018.

Findings:

Rotator cuff : Full thickness tear affects the anterior fibers of the
supraspinatus tendon with approximately 2.8 cm of retraction. Partial thickness
intrasubstance tear affects the subscapularis tendon. There is no muscular
tear, contusion, or atrophy.

Osseous and articular structures: Mild AC joint arthritis. No fracture.

Long bicipital tendon: The biceps tendon is normally situated. No complete or
partial biceps tendon tear is present.

Glenohumeral joint: No glenohumeral joint effusion or focal hyaline cartilage
defect. No Hill-Sachs, reverse Hill-Sachs, or bony Bankart lesions are seen.
There is no SLAP lesion or soft tissue Bankart lesion. There are no perilabral
cysts. No capsular or ligamentous abnormality is seen.

Impression:
1. Full-thickness rotator cuff tear.

---

Report Request ID:  49147106                          Print Date/Time:  12/2/2021 15:14 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

CLAIM I

# EXHIBIT COVER PAGE

6

EXHIBIT

Description of this Exhibit:
APPEALS CLAIMS DECISION
RESPONSE

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION:   (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☑ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury



CALIFORNIA DEPARTMENT *of*
## Corrections and Rehabilitation

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:**  Appeal Claims Decision Response

**Offender Name:**  TAYLOR, ROBERT HARRIS                    **Date:**  10/09/2021
**CDC#:**  G51665
**Current Location:**  LAC-Facility C                    **Current Area/Bed:** C  004 1 – 118001L

**Log #:**  000000131462

### Claim #  001

**Institution/Parole Region of Origin:** California State Prison, Los Angeles County    **Facility/Parole District of Origin:** LAC-Facility C
**Housing Area/Parole Unit of Origin:** C  004 1
**Category:**  General Employee    **Sub-Category:**  Other Staff Misconduct – NOS
Performance

#### I. ISSUE ON APPEAL

It is appellant's position that based on a doctor's order, appellant has a lower bunk chrono. Appellant talked to Correctional Officer J. Davalos on June 9, 2021, about the issue and "he" refuses to move appellant out. Appellant asserts to having appellant go and look for a cell, but no cell was open. Appellant contends on June 10, 2021, appellant talked to Correctional Officer J. Ongaro who refused to look at appellant's doctor's note. On June 11, 2021, appellant again talked to Correctional Officer Ongaro told appellant that inmate "Juarez" was in the lower bunk before appellant moved in. However, appellant explains, inmate Juarez does not have a lower bunk chrono. Appellant claims Correctional Officers Davalos, "Ericason" and Ongaro refused to move appellant into the lower bunk. Appellant contends Correctional Lieutenant Williams told Correctional Sergeant Diaz to assist appellant. Appellant claims on June 13, 2021, appellant sustained injuries after falling off of the top bunk. Appellant alleges the cell discrimination is because appellant is "BLK."

#### II. RULES AND REFERENCES

##### A. CONTROLLING AUTHORITY

Title 15, section 3000, 3001, 3004, 3270, 3380, 3391, 3480 and 3484; Department Operations Manual, section 54100.25.2

##### B. DOCUMENTS CONSIDERED

CDCR Form 602, Log #131462; interviews contained in the Offender Grievance Tracking system

#### III. REASONING AND DECISION

According to the Strategic Offender Management System, appellant has been assigned to a lower bunk since April 12, 2018. Therefore, this allegation does not appear to be related to appellant being inappropriately housed pursuant to the system. In review of the information collected, the Office of Appeals finds sufficient information was collected regarding some of the staff regarding being told by appellant that appellant was not accessing/using the correct bunk. However, some of appellant's identified and raised issues were not addressed. For this reason, this claim is granted.

#### IV. REMEDY

The institution shall open a new Offender Grievance Tracking log number to review all issues raised in this grievance. Specifically, appellant claims a Correctional Officer "Ericason" was informed of this issue and failed to act. Further, appellant indicated that the issue of not utilizing the correct bunk was over a few days. To adequately address this claim, other staff who were routinely assigned to the unit may need to be asked if appellant was seen on the upper bunk. Also, appellant claims to have suffered injuries after falling off of the top bunk. The institution shall garner sufficient information from possible witnesses and any documentation (e.g. CDCR Form 7219) to substantiate or refute the claim. Also, appellant alleges the failure to act was based on appellant's race. This issue, if proven to be true, may raise to the criteria found in Title 15, section 3484. However, the Office of Appeals was unable to find

CLAIM II

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:
CDCR FORM 7362

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION:    (Check only one)

☐  Municipal Court

☐  Superior Court

☐  Appellate Court

☐  State Supreme Court

☑  United States District Court

☐  State Circuit Court

☐  United States Supreme Court

☐  Grand Jury

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|

If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.

REQUEST FOR:     MEDICAL ☒    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☒

NAME: TAYLOR L          CDCR NUMBER: G51665          HOUSING: C-4 118

PATIENT SIGNATURE:          DATE: 6/18/21

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

DR Selag, K. REQuests Pain medication Refill NAProxen: you only given 8-NAproxen. I continue to suffer with back pain and Lt Shoulder cause by falling off top bunk when coming down.

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

| PART II:  TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE |
|---|

Date / Time Received:          Received by:
Date / Time Reviewed by RN:    Reviewed by:

S:          Pain Scale: 1 2 3 4 5 6 7 8 9 10

O:    T:    P:    R:    BP:    WEIGHT:

A:
P:
☐ See Nursing Encounter Form

E:

APPOINTMENT SCHEDULED AS:    EMERGENCY (IMMEDIATELY) ☐    URGENT (WITHIN 24 HOURS) ☒    ROUTINE (WITHIN 14 CALENDAR DAYS) ☐
REFERRED TO PCP:          DATE OF APPOINTMENT:
COMPLETED BY          NAME OF INSTITUTION
PRINT / STAMP NAME    SIGNATURE / TITLE    DATE/TIME COMPLETED

Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state law.

Distribution:  Original – Health Record ; Copy - Patient

CLAIM II

# EXHIBIT COVER PAGE

B

EXHIBIT

Description of this Exhibit:
CDCR FORM 602 HC

Number of pages to this Exhibit: _____2_____ pages.

JURISDICTION:    (Check only one)

☐    Municipal Court

☐    Superior Court

☐    Appellate Court

☐    State Supreme Court

☑    United States District Court

☐    State Circuit Court

☐    United States Supreme Court

☐    Grand Jury



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response

**Closing Date:**   SEP 1 5 2021

**To:**        TAYLOR, ROBERT (G51665)
              C 004 1118001LP
              California State Prison – LA County
              P.O. Box 4670
              Lancaster, CA 93539-4670

**Tracking #:**   LAC HC 21000910

## RULES AND REGULATIONS

The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY

In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Diagnostic (MRI) | You state you want a magnetic resonance imaging of your left shoulder due to tingling. |
| Issue: | Medication (Med Specific Type/Dose) | You state you want the maximum dosage of gabapentin. |
| Issue: | Grievances (Grievance Status) | You state you want this health care grievance to be processed as an emergency. |
| Issue: | Disagreement with Treatment (Primary Care Provider) | You disagree with the treatment you have received related to your June 13, 2021, fall; and unresolved lower extremity numbness, neuropathy, and pain. |
| Issue: | Medication (Med Refill) | You are asking that your naproxen be refilled. |

## INTERVIEW

On September 7, 2021, you were interviewed by D. Paraja, Health Care Appeals Registered Nurse, regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.      [ ] Intervention.

RECEIVED
HCCAP
OCT 1 2 2021

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. Records indicate you are enrolled in the Chronic Care Program where your medical conditions and medication needs are closely monitored. Your medical records support you have received radiology services, nursing assessments, and ongoing primary care provider evaluations and treatment for your medical concerns, as determined medically necessary.

Your issues regarding a magnetic resonance image, gabapentin, your June 13, 2021, fall, and naproxen will not be addressed herein as these issues are being addressed in health care grievance tracking number LAC HC 21000876, for which a decision is rendered or is pending. Per California Code of Regulations, Title 15, Section 3999.234(a)(6), a health care grievance which duplicates a health care grievance upon which a decision has been rendered or is pending is subject to rejection. The headquarters' level disposition on a health care grievance exhausts your administrative remedies.

Health care staff, utilizing clinical expertise within the scope of their licensure, is responsible for determining if a health care grievance warrants expedited processing, not the grievant. Your health care grievance was identified by licensed clinical staff to not meet the criteria for expedited processing per California Code of Regulations, Title 15, Section 3999.228(b)(2) and/or 3999.230(b)(1)(B).

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

B. Ramos, M.D.
Designee for F. Igbinosa, MD
Chief Medical Executive (A)
California State Prison – LA County

9/14/21
Reviewed and Signed Date

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

RECEIVED
HCCAP
OCT 1 2 2021



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Headquarters' Level Response

**Closing Date:** DEC 2 4 2021

**To:**     TAYLOR, ROBERT (G51665)
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**From:**   California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:**    LAC HC 21000910

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Diagnostic (MRI) | Left shoulder magnetic resonance imaging (MRI). |
| Issue: | Medication (Med Specific Type/Dose) | To receive maximum dose of gabapentin. |
| Issue: | Grievances (Grievance Status) | For this health care grievance to be processed as an emergency. |
| Issue: | Scheduling (PCP Encounter) | To receive treatment for your head, neck, left arm, and lower back. |
| Issue: | Medication (Med Refill) | For naproxen to be refilled. |

## HEADQUARTERS' LEVEL DISPOSITION

☒ No intervention.     ☐ Intervention.

---

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA 95758

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION

Health care staff, utilizing clinical expertise within the scope of their licensure, is responsible for determining if a health care grievance warrants expedited processing, not the grievant. Your health care grievance was identified by licensed clinical staff to not meet the criteria for expedited processing per California Code of Regulations, Title 15, Section 3999.228(b)(2) and/or 3999.230(b)(1)(B).

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. Records indicated a short course of naproxen was ordered on June 13, 2021. A short course of naproxen was reordered on July 29, 2021.

On November 2, 2021, you completed a left shoulder MRI. On December 2, 2021, you were seen by the primary care provider via telemedicine. The provider noted a review of your left shoulder MRI. The provider completed an assessment and discussed the plan of care, which included a request for an orthopedic surgery consultation.

On December 2, 2021, a Request for Service order for an orthopedic surgery consultation was completed and subsequently approved. If the appointment does not take place within the timeframes outlined in the Health Care Department Operations Manual, Health Care Definitions, you may discuss your concerns with health care staff by utilizing the approved processes to access health care services in accordance with California Correctional Health Care Services policy.

You are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider has discussed the plan of care with you. Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider.

There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures.

California Correctional Health Care Services makes every effort to ensure patients receive timely access to the full range of necessary health care services. In order to improve the overall quality and efficiency of health care services and outcomes, California Correctional Health Care Services includes the appropriate personnel and organizational functions to identify and address barriers to care, including staffing, lockdowns, restricted movement, fog lines, and backlogs.

Treatment for your head, neck, and lower back, and issues regarding bottom bunk accommodation and gabapentin will not be addressed herein as these are duplicate issues to that in health care grievance tracking numbers LAC HC 21000840 and LAC HC 21000876, for which decisions were rendered or are pending. Per California Code of Regulations, Title 15, Section 3999.234(a)(6), a health care grievance which duplicates a health care grievance upon which a decision has been rendered or is pending is subject to rejection. The headquarters' level disposition on a health care grievance exhausts your administrative remedies.

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

P.O. Box 588500
Elk Grove, CA  95758

R.TAYLOR, G51665
LAC HC 21000910
Page 3 of 3

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

Digitally signed by HCCAB
Date: 2021.12.23 11:42:33
-08'00'

December 23, 2021

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

Reviewed and Signed Date

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

P.O. Box 588500
Elk Grove, CA  95758

*Doug Emergency Exceptions.*

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☒ No | Tracking #: **LAC HC 21 0 0 0 9 1 0** |
|---|---|---|

Staff Name and Title (Print)            Signature            Date  7/6/21

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): TAYLOR Robert | CDCR #: G51665 | Unit/Cell #: C-4 118 L |
|---|---|---|

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy: NO PHYSICIAN ON doN C-FAC.

Adverse, Effect upon y/p heath and Welfare; Article #8: 3350 A-1
Medically Necessary, to prevent Significant Severe pain,
And Injury: No Physician on duty on C-FAC- Medical. So Why
There No Assistance, on duty. FOR C-FAC- on 6-13-21 y/p
Falling OFF A top Bunk With A DR. Order Lower bunk cell. 118. C-4
With A CDCR#7410 chrono. Cause by Neuropathy Morning,
Throbbing and tingling, Numbness of toes and Weakness.
Symptom Continue Now 6-27-21 Pain and Suffering. Seen
DR. Sevag, Kalivian 6-13-21 CTC Emergency. Treatment
FOR Lower back/NECK/Head/L.T. ARM. X-Ray 6/16/21
Requesting MRI Shoulder: LT. ARM:

| Supporting Documents Attached. Refer to CCR 3999.227 ☒ Yes ☐ | ● CDCR 7362: Dates: 6/18-6/22-6/25 6/27 2021 |
|---|---|

Grievant Signature: Don Taylor            Date Submitted: 6/27/2021

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. RT

| SECTION B: | HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☒ Yes    ☐ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):  Date: _____    Date: _____

☐ Withdrawn (see section E)

☒ Accepted    Assigned To: HCGRN    Title: _____    Date Assigned: 8/14/2021  Date Due 9/8/2021

Interview Conducted? ☒ Yes ☐ No    Date of Interview: 9-7-21    Interview Location: C-clinic

Interviewer Name and Title (print): D PURATA RN    Signature: _____    Date: 9-7-2021

Reviewing Authority
Name and Title (print): **Bernard Ramos MD**    Signature: _____    Date: 9/14/21
CME (A) at CSP-LAC

Disposition: See attached letter    ☐ Intervention    ☒ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant:    **SEP 1 5 2021**

| 1. Disability Code:<br>☐ TABE score ≤ 4.0<br>☐ DPH☐ DPV☐ LD<br>☐ DPS☐ DNH<br>☐ DDP<br>☐ Not Applicable | 2. Accommodation:<br>☐ Additional time<br>☐ Equipment☐ SLI<br>☐ Louder☐ Slower<br>☐ Basic☐ Transcribe<br>☐ Other* | 3. Effective Communication:<br>☐ Patient asked questions<br>☐ Patient summed information<br>**Please check one:**<br>☐ Not reached*☐ Reached<br>*See chrono/notes | **COMPLETED**<br>**RECEIVED**<br>**STAFF** USE SEP 15 2021 HCCAP<br>**JUL 06 2021**<br>**LAC-HCGO** OCT 1 2 2021 |
|---|---|---|---|
| 4. Comments: | | | |

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

**STAFF USE ONLY**

Tracking #: LAC HC 21 0 0 0 9 1 0

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI):
TAYLOR  Robert

CDCR Number: G51665
Unit/Cell Number: C-4 118L

**SECTION A** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

WAS giving treatment, Lidocaine patch, And FIVE days OF
Naproxen: It has Not been A Refill. Continue to Suffer
With back pain LT Shoulder. 15 days No Physician on C-
yard No Assistance on duty: I reported to Administrative
Medical Office's. NO Response yet Date 6/21/21: Seen DR. Sevag
6/13/21 At CTC Emergency: Submitted Several CDCR 7362
Requesting the Maximum, Gabapentin morning continue
Legies and toes throbbing and tingling, continue to Suffer with
Neuropathy with Severe pain And Numbness And tingling.
Other symptom Weakness In LT Shoulder tingling,
And Numbness. M.R.I Request. LT. Shoulder. Also:
Requesting to Use I/P Rights Requesting Clinical Judgment
I/P is Suffering From Substatial, Emotional And Physical distress.
CDCR Medical Denial is based on Inappropriate conduct, define
In the Roles OF Responsibilities And Policy Medical Services
Shell be on duty to Prevent, Suffering: DR has Not been
On Duty on C-FAC. I/P being Ignore: CDCR# 7362 # 6/18/21  6/21/21
6/25/2021  6/27/21 ALL Ignored No Nurse Scheduled, Appo.

Grievant Signature: _____  Date Submitted: 6/27/2021

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: _____  Signature: _____

COMPLETED
RECEIVED
JUL 06 2021
LAC-HCGO

SEP 15 2021
STAFF USE ONLY

RECEIVED
HCCAP
OCT 12 2021

COMPLETED
HCCAB
DEC 24 2021

# EXHIBIT COVER PAGE

C

EXHIBIT

Description of this Exhibit:
CDCR FORM 7362

Number of pages to this Exhibit: _____6_____ pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [✓] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury



CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



Headquarters' Level Response

**MAR 0 2 2022**

**Closing Date:**

**To:**  TAYLOR, ROBERT (G51665)
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**From:**  California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:**  LAC HC 21001066

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Medication (Med Refill) | You were denied refills for pain medication. |
| Issue: | Disagreement with Treatment (Primary Care Provider) | No follow-up treatment for lower back and left shoulder pain. |
| Issue: | Staff Complaints (Deliberate Indifference) | Allegations of deliberate indifference and neglect. |

## HEADQUARTERS' LEVEL DISPOSITION

☒ No intervention.    ☐ Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. Records indicated you are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored. Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758

While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs. You alleged negligent care; however, your allegation is refuted by professional health care staff familiar with your health care history, as well as a review of your health record.

Your issues regarding follow-up care and pain management for cervical spine, lumbar spine, and left shoulder will not be addressed herein as these are duplicate issues to that in health care grievance tracking numbers LAC HC 21000876 and LAC HC 21000910, for which a decision was rendered or is pending. Per California Code of Regulations, Title 15, Section 3999.234(a)(6), a health care grievance which duplicates a health care grievance upon which a decision has been rendered or is pending is subject to rejection. The headquarters' level disposition on a health care grievance exhausts your administrative remedies.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

Digitally signed by HCCAB
Date: 2022.03.01 09:47:04
-08'00'

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

March 1, 2022

Reviewed and Signed Date

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE** Retaliye Sul/N    TS 10/12/21
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? | ☐ Yes ☑ No | Tracking #: | LAC HC 2 1 0 0 1 0 6 6 |

Sissn  N

7/30/21

Staff Name and Title (Print)                          Signature                          Date

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): TAYLOR  Robert | CDCR #: G51665 | Unit/Cell #: C-4 # 118c |

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy: AFTER XRAY Finding, diagnosis of Results Shows, Clinical Indication Pain in Lower Back Lumbar Spine, 4 VWS; XR Findin Cervical Spine 5 VWS; Clinical Indication Pain; XR. Finding Left Shoulder, pain; DR. S. Kalinjian see's the Results and continue to Denied VPA ReFill Medication from 6/13 to 7/27/21 NO ReFill; WrongFul Neglect, Cruel; DR. G. Hernandez Also Acknowledge X Ray Findin And Ignor Followup Denied, VP TAYLOR Adequate treatment Re ignore VP TAYLOR Appropriate DR. Visits; DR Fail under Article # 8. 3350(1) Medical Necessary, (sec) 2 outcome Data has been Analysis by DR. Hernandez (sec) 5) Pain Left Untreated (sec) 4) Violations; XR Shows Severe Pain Left, Untreated by DR. Hernandez

Supporting Documents Attached. Refer to CCR 3999.227  ☑ Yes ☐    YES: CDCR # 7362 Date 7/16  7/9/2021; CDCR # 1824 Attachmet

Grievant Signature:                          Date Submitted: 7/28/2021

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.    R.T

**SECTION B: HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only**    Is a CDCR 602 HC A attached? ☑ Yes ☐ No

This grievance has been:

☑ Rejected (See attached letter for instruction): Date: SEP 1 0 2021 Date: _____

☐ Withdrawn (see section E)

☑ Accepted    Assigned To: Hcgc    Title: _____    Date Assigned: 10/14/2021 Date Due: 12/14/2021

Interview Conducted? ☑ Yes ☐ No  Date of Interview: 12/13/2021    Interview Location: C. Yard Clinic

Interviewer Name and Title (print): M. Mijangos, Hcgc    Signature: M. Mijangos    Date: 12/13/2021

Reviewing Authority
Name and Title (print): Soleiman    Signature:    Date: 12-14-21

| Disposition: See attached letter | ☐ Intervention | ☑ No Intervention |

HCGO Use Only: Date closed and mailed/delivered to grievant:    DEC 1 5 2021

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
| ☑ TABE score ≤ 4.0 | ☑ Additional time | ☑ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☑ Louder ☑ Slower | Please check one RECEIVED |
| ☐ DDP | ☑ Basic ☐ Transcribe | ☐ Not reached ☐ |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4 Comments:

REJECTED RECEIVED COMPLETED
STAFF USE ONLY
SEP 10 2021    OCT 11 2021    DEC 15 2021
LAC-HCGO  LAC-HCGO  LAC-HCGO

RECEIVED
JUL 30 2021
LAC-HCGO

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

**STAFF USE ONLY**

Tracking #: LAC HC 21 001 066

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI): TAYLOR Robert

CDCR Number: G51605

Unit/Cell Number: C-4 118L

**SECTION A** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

AS A Result of this inappropriet And irreparable Action,
CAuseing Morning Symptom Lower back Chronic pain
LT should pain: continue to be untreated is Cruel And
Unusual Punishment I/P TAylor continue to Suffer From
this Wrongful Neglect, REFussin, to teant I/P TAYLOR
Chronic pain. Hau can a MD ignore COCR7363 Sick call.
6/13 6/20 6/27 6/29 7/1 7/3/2021 Were is Follow up
AFTER XRAy 6/14-2021 Why I/P TAylor being Denied
Adequate treatment Why No DR. Visits Why? This
Cruel and Unusual Punishment! am in pain. I Need A
Doctor Visits every Morning every Day All Day am in
pain. this Extraordinary Circumstances is A
Description of deliberate Indifference, Seen By
MD. S. Kalinian 6/8 After Fall down From A top
Bunk. After Custody put Me on A top Bunk For
15 X day And the 23ed of June my Cellie JUAREZ Ap8T13
got A Lower Bunk Chrono. then Custody Move hem out
then I'm TAYor Move down to the bottom Bunk on 6/23

Grievant Signature: [signature]

Date Submitted: 7/27/2021

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: _____ Signature: _____ Date: _____

RECEIVED JUL 30 2021 LAC-HCGO

REJECTED SEP 10 2021 LAC-HCGO

RECEIVED OCT 11 2021 LAC-HCGO

COMPLETED STAFF USE ONLY DEC 15 2021 LAC-HCGO

RECEIVED HCCAB DEC 23 2021

COMPLETED HCCAB MAR 0 2 2022

STATE OF CALIFORNIA
**REASONABLE ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 09/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

NCF, NA, CCCMS, Ø

Page 1 of 1

| INSTITUTION (Staff use only) | LOG NUMBER (Staff Use Only) | DATE RECEIVED BY STAFF: |
|---|---|---|
| LAC-C | 21-00442 | JUN 2 1 2021 |

**\*\*\*\*\*\*\*\*\*\*TALK TO STAFF IF YOU HAVE AN EMERGENCY\*\*\*\*\*\*\*\*\*\***

<u>DO NOT</u> use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| Taylor Robert | G57465 | Patient Rights | C-4-118L |

INSTRUCTIONS:
- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The 1824 process is intended for an individual's accommodation request. Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?** Allegation of disability based on disc-
rimination: Patient Taylor Cannot make VM Juarez A-Patra move out a lower bunk. VM Taylor is Assig to 118 Lower. C/O Ongaro Stated/ed; Taylor VM Juarez was in the bottom bunk when you move in, but VM Taylor is Assig to the Botom bunk 118L: on 6/17/21 C4-cell 133 is a open Cell. why Taylor stated a top bunk

**WHY CAN'T YOU DO IT?** I cannot threaten VM Juarez out of a bunk That VM Taylor is Assig too. I cannot promote violence, or cause a Substantial Injury to VM Juarez on 6/10/2021 and 6/11/2021 C/O Ongaro Stated/ed I have not Look At the Computer yet

**WHAT DO YOU NEED?** I Need CDCR Custody Officer to know ledge VM patient Taylor CICR# 7410 Lower bunk Chronic And Stop discrimination And Harassing VM Taylor because am Blk. the Inappropriate Misconduct from: EMR- Relation- 310101 Policy Zero tolerance: on 6/13 VM Taylor has Falling off the top bunk. Custody did Not provide Reasonable Safeguard to Prevent Injuries *(Use the back of this form if more space is needed)*

**DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY?**   Yes ☒   No ☐   Not Sure ☐

List and attach documents, if available: All this INFO is in Custody and Medical Computer!
Lay-IN 6/13/21 15:21 PDT Perform by RN Cristine. CCCMS Due date 4/29/21 Accommodation Chrono 7410 Lower bunk, back Brace, Canes, restriction EX 7-16-21

I understand that staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

| Robert Taylor | 6/14/2021 |
|---|---|
| **INMATE'S SIGNATURE** | **DATE SIGNED** |

Assistance in completing this form was provided by:

| Taylor | Robert | |
|---|---|---|
| Last Name | First Name | Signature |

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

#000-3

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:    MEDICAL [X]    MENTAL HEALTH [ ]    DENTAL [ ]    MEDICATION REFILL [X]

NAME: Taylor R
CDCR NUMBER: B51645
HOUSING: C-4  118

PATIENT SIGNATURE: [signature]
DATE: 6/29/21

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem) 355 on medically necessary. Denied HC-602 out for process 4/20/21 I/P suffering with back pain Neck pain L-T shoulder. No Refill yet Neproxen and Lidocane patchs

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART II:  TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE |
|---|

Date / Time Received:      Received by:

Date / Time Reviewed by RN:      Reviewed by:

S:      Pain Scale:   1   2   3   4   5   6   7   8   9   10

O:    T:        P:        R:        BP:        WEIGHT:

A:

P:

[ ] See Nursing Encounter Form

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY [ ] (IMMEDIATELY) | URGENT [X] (WITHIN 24 HOURS) | ROUTINE [ ] (WITHIN 14 CALENDAR DAYS) |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | RECEIVED HCCAB |
| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED OCT 22 2021 |

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state law.*

Distribution:  Original - Health Record : Copy - Patient

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:
CDCR FORM 7362

Number of pages to this Exhibit: _____2_____ pages.

JURISDICTION:    (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [✓] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

STATE OF CALIFORNIA

**HEALTH CARE SERVICES REQUEST FORM**

CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

*DR. Saxgg. Kalinian*

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

| NAME | CDCR NUMBER | HOUSING |
|---|---|---|
| *TAYLOR R* | *G51665* | *C-4  118L* |

| PATIENT SIGNATURE | DATE |
|---|---|
| | *7/1/2021* |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem) *VP Rights Requesting HC Services Severe Pain Elbow shoulder Axilng, Numbness ... Workincon Cause of Fallin Junior too work 9/13/21 Requesting More Treatment MRI ET Arm shoulder*

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

X URGent

RECEIVED
HCCAB
OCT 2 2 2021



CLAIM II

# EXHIBIT COVER PAGE

E

EXHIBIT

Description of this Exhibit:
CDCR HEALTH CARE SERVICES
INSTITUTION & HEADQUARTERS'
RESPONSE FOR LOG # LAC HC 21000910
EXHAUSTION OF ADMIN. REMEDIES

DESCRIPTION: OF Exhibit.
CDCR HEALTH CARE SERVICES
HEADQUARTERS' RESPONSE
LOG # LAC HC 21001066

Number of pages to this Exhibit: ___5___ pages.

JURISDICTION:   (Check only one)

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme Court

☑ United States District Court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response

**Closing Date:**  DEC 1 5 2021

**To:**  TAYLOR, ROBERT (G51665)
C 004 1118001LP
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**Tracking #:**  LAC HC 21001066

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue:  Medication ( Med Refill ) | You state you submitted multiple 7362s to have your pain medication refilled and it has not been refilled. |
| Issue:  Scheduling ( PCP Encounter ) | You state that received X-Rays on 6/16/21 and have not received a follow up with your Primary Care Provider to treat your pain. |
| Issue:  Staff Complaints ( Deliberate Indifference ) | Allegation of deliberate indifference. |

## INTERVIEW
On December 13, 2021, you were interviewed by M. Mijangos, HCGC regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.    [ ] Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. Records indicate you are enrolled in the Chronic Care Program where your medical conditions and medication needs are closely monitored. Your medical records support you have received nursing assessments and ongoing primary care provider evaluations and treatment for your medical concerns, as determined medically necessary.

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

RECEIVED
HCCAB
DEC 2 3 2021

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

Your issue regarding refills on your pain medication and a primary care provider follow-up will not be addressed herein as this is a duplicate issue to that in health care grievance tracking number LAC HC 21001011, for which a decision was rendered or is pending. Per California Code of Regulations, Title 15, Section 3999.234(a)(6), a health care grievance which duplicates a health care grievance upon which a decision has been rendered or is pending is subject to rejection. The headquarters' level disposition on a health care grievance exhausts your administrative remedies.

While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

12-14-21

M. SOLEIMANI, M.D.
Chief Medical Executive
California State Prison – LA County

Reviewed and Signed Date



Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:    MEDICAL ✓    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☑

NAME _Taylor Robert_    CDCR NUMBER _D51665_    HOUSING _C-4 # 118L_

PATIENT SIGNATURE    DATE _7/9/2021_

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

_Received XR. Finding Copies yy requested medication Refill =,_
_On CDCR 7362: 6/20  6/22  6/29  7/1  7/9  7/16/2021  XR. Findin,_
_Sfuns; Cervical Spine  5 vws; Clinical Indicstion: pain; Lumbar Spine_
_4 vws; Clinical Indicstion; Back pain; XR. Findin; Clinical Indicstions L-T_
_will pain; CAN I NOW HAVE A REFILL; 2 F-Caps NO REFILL yet_

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM



RECEIVED
HCCAB
DEC 2 3 2021